United States District Court
Southern District of Texas

**ENTERED**

June 03, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CIRILO TOLENTINO MORENO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-1654 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Cirilo Tolentino Moreno ("Petitioner"), a citizen of Mexico, entered the United States without inspection on May 1, 2000.[1]  In December of 2025, Petitioner was taken into custody following a traffic stop conducted by local law enforcement.[2]  On December 19, 2025, Petitioner was served with a Notice to Appear charging him with removeability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien who is a native and citizen of Mexico who is present in the United States without being admitted or paroled."[3]  On December 20, 2025, Petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE").[4]  Petitioner remains in immigration custody.

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶ 11.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 6 ¶ 13.

[3]The Federal Respondents' Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 10, pp. 1-2.

[4]Habeas Petition, Docket Entry No. 1, p. 6 ¶ 13.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates (1) the Immigration and Nationality Act ("INA"), (2) due process, (3) equal protection, and (4) the Suspension Clause, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[5] Petitioner also argues that his warrantless arrest violates the Accardi doctrine.[6] On March 3, 2026, the court entered an order asking Petitioner to distinguish his case from Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026).[7] In his response, Petitioner did not dispute that Jimenez forecloses his claims under the INA, the Due Process Clause, the Suspensions Clause, and the APA.[8] However, Petitioner argues that his claim under the Accardi doctrine was not addressed in Jimenez.[9] Moreover, after Respondents failed to submit a

---

[5]Id. at 25-40 ¶¶ 74-142.

[6]Id. at 40-42 ¶¶ 142-153.

[7]Order, Docket Entry No. 4, p. 1. In Jiminez, the court held that (1) an alien who was already present in the United States at the time of their arrest can be lawfully detained under § 1225(b)(2); (2) a claim under the Due Process Clause of the Fifth Amendment fails because the Supreme Court has recognized that detention during removal proceedings is a constitutionally permissible part of that process; (3) a petitioner is foreclosed from relief under the APA because he is able to challenge his detention by filing a writ of habeas corpus; (4) a claim under the Suspension Clause fails because § 1252 does not strip this court of jurisdiction over these petitions. Id.

[8]Petitioner's Response to Order and Brief in Support, Docket Entry No. 5, pp. 1-2.

[9]Petitioner does not reassert his Fifth Amendment Equal
(continued...)

-2-

response or a motion for extension by the March 31, 2026, deadline, Petitioner moved for summary judgment (Docket Entry No. 7).[10]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 10).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission and that the legality of his arrest cannot be used to challenge the legality of his detention.[11]  Petitioner has filed a reply.[12]

Petitioner cannot seek habeas relief under the Accardi doctrine.  Although Petitioner alleges he was arrested without a warrant in violation of 8 CFR § 287.8(c)(2)(ii),[13] "an illegal arrest has no bearing on the legality of detention following that arrest."  Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

Moreover, Petitioner's "Fifth Amendment equal protection claim is unavailing because he fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and he does not state facts to show

---

[9](...continued)
Protection claim.  The court will address the claim nonetheless.

[10]Motion for Summary Judgment Pursuant to FRCP 56, Docket Entry No. 7, p. 2.

[11]Respondents' MSJ, Docket Entry No. 10, pp. 1, 4.

[12]Reply in Opposition to Respondents' Motion for Summary Judgment, Docket Entry No. 11.

[13]Petitioner's Response to Order and Brief in Support, Docket Entry No. 5, pp. 2-3.

that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in Buenrostro-Menendez."[14]  Soy v. Blanche, CIVIL ACTION NO. 4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

For the reasons explained above, The Federal Respondents' Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) and Motion for Summary Judgment Pursuant to FRCP 56 (Docket Entry No. 7) are **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 3rd day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[14]Although Respondents failed to address Petitioner's equal protection claim in their Motion for Summary Judgment, Respondents are entitled to summary judgment under Rule 56(e)(3) of the Federal Rules of Civil Procedure because Petitioner has failed to show that detention during removal proceedings violates equal protection.